**FROM: The District Court of the 9th Judicial District. County of Glacier.**

**STATE OF MONTANA,**
                    **Plaintiff,**                                    **NO. DC 90-01**
            **VS.**                                                   **DECISION**
**Henry J. Billsborough,**
                    **Defendant.**

The defendant, Henry James Billsborough, was previously sentenced to serve a ten (10) year sentence in Montana State Prison with five (5) years suspended by Judgment and Sentence entered herein on October 4, 1994, in Cause No. DC 90-01 for the offense of Sexual Assault, a Felony. In Cause No. DC 89-41, the defendant's deferred imposition of sentence was also revoked and he received a ten (10) year sentence in the Montana State Prison with five (5) years suspended for the offense of Burglary, a Felony, said sentence to be served concurrently with the sentence imposed in cause No. DC 90-01. Thereafter, on October 29, 1996, Larry D. Epstein, Glacier County Attorney, filed a Petition and Affidavit to Revoke both of said suspended sentences, based upon a report of violation from Colorado Parole and Probation authorities. The defendant was arrested, pursuant to Bench Warrant issued by this Court in Colorado. Specifically, based upon the defendant's own admission with respect to the allegations contained in the Petition to Revoke Suspended Sentences, the Court finds that the defendant has failed to meet the terms of said suspended sentences. Based upon his admissions and the Court's findings, the Court hereby revokes the suspended sentence previously imposed herein. The Court has also considered the testimony from the defendant and the arguments of his counsel and remarks made by the Glacier County Attorney in support of the petition. The Court has also taken into consideration the defendant's history of failure to successfully complete Court-required conditions as ordered in this matter. The Court has also considered all alternatives available for the defendant, keeping in mind of the situation at the Montana State Prison. Based upon the above, it is the judgment that the defendant immediately surrender his person to the Glacier County Sheriff and that he be returned to the Montana State Prison at Deer Lodge, Montana, for the remainder of the sentence imposed herein. It is further ordered that the defendant enroll in and complete a sex offender treatment, either within Montana State Prison or during a subsequent parole or probation. In imposing this sentence, it is the strong recommendation of this Court that the defendant be given top priority for placement in a chemical and sex offender treatment program available to prisoners at the Montana State Prison. It is further ordered that this judgment be entered and filed in both of the above captioned causes herein and that both of the ten (10) year sentences previously imposed herein and any suspended portion hereof, be revoked and that the defendant be required to serve both said sentences, concurrent with one another, pursuant to this judgment and prior orders of this court.

On May 8, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 8th day of May, 1997.

DATED this 13th day of June, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal and Alternate Member, Hon. Robert Boyd.**

The Sentence Review Board wishes to thank Henry Billsborough for representing himself in this matter.